THE STATE, DEFENDANT IN ERROR, v. MICHAEL RICCIO, PLAINTIFF IN ERROR.

Submitted December 12, 1916—Decided March 5, 1917.

1. Where the proofs show that the defendant merely aided and abetted an abortion, without actually participating in the use of the instruments for effecting it, he may be convicted upon an indictment charging him with being a principal in the production of an abortion, all concerned in such a misdemeanor being liable as principals.

2. Where a defendant was indicted for assault and battery, as well as for abortion, upon the same female, testimony as to an alleged rape committed upon the female was clearly competent in proving the former offence.

3. Where the court erroneously charged the jury as to the duty to convict the defendant, if the jury found by the weight of the evidence that he did the thing named in the statute under which he was indicted, and subsequently corrected the charge, so that the jury were, in substance, told that they could only convict in case the weight of the evidence was so preponderating as to satisfy them upon that point beyond a reasonable doubt, the initial error in the charge was thereby cured.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *Horace L. Allen.*

For the state, *Robert S. Hudspeth*, prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted upon an indictment charging him with causing an abortion upon one Bella Marano by the administration of drugs, and the use of instruments. The indictment also contained a count charging him with an assault and battery upon the Marano woman.

The first ground upon which we are asked to set aside this conviction is that the indictment charged him with being a principal in the production of the abortion, whereas the proofs showed that he merely aided and abetted therein. But it has already been decided by the Court of Errors and Appeals that these facts do not render a conviction illegal, in the case of *State* v. *Wilson,* 80 *N. J. L.* 467. There the indictment charged the defendant with the use of instruments to procure a miscarriage; the question was whether under this indictment, he could be convicted if he did not actually participate in the use of the instruments, either by being present, aiding and assisting, or by being in a position where he could give direction as to the use of the instruments. The court held that in a case of misdemeanor, where all are liable as principals, the defendant may be convicted under an indictment charging him with the actual commission of the criminal act, although he was not personally present, and would in a case of a common law felony be liable only as an accessory; the reason being, as the court states, that such an indictment charges the defendant according to the legal effect of the offence, and, therefore, the defendant is, in legal effect, guilty of using the instrument for the criminal purpose.

Next it is contended that the state, over objection, was permitted to introduce in evidence the details of an alleged rape committed by the plaintiff in error on the said Bella Marano three months before the abortion, thus introducing evidence of an entirely independent crime. The testimony objected to was the statement of the witness that on the occasion of her first intercourse with the defendant, he took her upstairs in a room in his house where there was a mattress and two chairs and said to her, "If you don't do as I tell you I will shoot you," and at the same time took a big revolver out of his back pocket, and then threw her down and lifted up her clothes. The ground of the objection was that the state had no right to show the details of this occurrence, except as they showed a motive for the crime charged in the indictment, and that showing that "he brandished a

weapon, is going outside of the indictment." The court thereupon said, "I will strike out this last part as not being competent to this issue, that is, that he threatened her with some weapon." We think that the action of the court was sufficient to meet the objection as specified by the defendant's counsel, even upon the assumption that the testimony was incompetent. The contrary, however, is the fact, for the indictment not only charges abortion, but, as has already been stated, the crime of assault and battery, and the testimony was, of course, competent in proving this latter offence.

Next it is complained that it was reversible error for the court to instruct the jury that the indictment charged the defendant with aiding and abetting in bringing about an abortion upon the Marano woman. If an indictment which charges a person with being a principal in the bringing about of an abortion upon the body of a pregnant woman is sustained by proof that such person aided and abetted in bringing about that result, it is not unreasonable to hold that such an indictment, by implication, embraces in its charge such aiding and abetting. But assuming that it does not, and that the trial court erred in the statement complained of, manifestly no harm could have come to the defendant in instructing the jury that the indictment charged him with being guilty of an offence which the proofs showed him to have committed, and which justified his conviction on the indictment upon which he was being tried.

Next it is contended that the court erred in the following instruction to the jury: "It is for you to say whether this defendant did the thing named in the statute. Did he aid and abet by any means whatsoever with the intent of bringing about an abortion on this young woman. If he did, and you find it by the weight of the evidence in this case, your clear duty is to bring in a verdict of guilty." First, it is contended that the language used, "Did he aid and abet by any means whatsoever," gave the jury to understand that even if the defendant had been entirely innocent of any intention to bring about a violation of law, they might never-

theless find him guilty. It is enough to say that a reading of the whole charge satisfies us that it would have been impossible for the jury to have received any such idea from the language complained of. Nor do we think that the excerpt which is made the subject of the present objection, standing alone, conveys any such impression. As to the latter part of the instruction, that if the jury found by the weight of the evidence that he did so aid and abet, it was their duty to bring in a verdict of guilty, the attention of the court was immediately called to this slip, and it added the following to the instruction: "Of course, you will keep in mind what I said first—if you find he did this thing by the weight of the evidence, beyond a reasonable doubt, you should find him guilty. I have already emphasized to you he is entitled to the benefit of all reasonable doubt." Although the language used for the purpose of eradicating the erroneous instruction from the minds of the jury is not of the happiest, still we think it made it perfectly clear to the jury that they would not be justified in finding that the defendant did aid and abet in the bringing about of the abortion, unless the weight of the evidence was so preponderating as to satisfy them upon this point beyond a reasonable doubt.

Lastly, it is contended that the court, having admitted in evidence the illegal testimony with relation to the threats made by the defendant as to the use of a revolver upon the occasion of his sexual intercourse with the Marano woman, it was under a legal duty to charge the jury to dismiss that matter wholly from their minds, or in some proper manner to impress upon them that this illegal testimony was not evidential in the case. It is enough to say in disposing of this ground of reversal—*first,* that no request for such an instruction was submitted on behalf of the defendant; and, *second,* that the testimony stricken out was in fact competent in support of the count in the indictment charging the defendant with the crime of assault and battery.

On the whole case we conclude there should be an affirmance.